**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GONZALEZ SAENZ, | No. 19-15120 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05316-CRB |
| v. | |
| A. SALAZAR, Officer, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Robert Gonzalez Saenz appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Salazar on Saenz's deliberate indifference claim because Saenz failed to raise a genuine dispute of material fact as to whether Salazar was deliberately indifferent to Saenz's hernia and intestinal issues. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment for defendant Salazar on Saenz's retaliation claim because Saenz failed to raise a genuine dispute of material fact as to whether Salazar's alleged conduct did not reasonably advance a legitimate correctional goal. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (explaining that "preserving institutional order and discipline" are legitimate penological objectives).

We reject as meritless Saenz's contentions that the district court ignored

"alterations or manipulations" of exhibits and improperly relied on "sham declarations."

Saenz's requests that Salazar pay his costs and fees on appeal, set forth in the opening and reply briefs, are denied.

We do not consider documents not filed with the district court, *see United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990), or matters not specifically and distinctly raised and argued in the opening brief, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-15120